## El Pueblo *v.* López.

Apelación procedente de la Corte de Distrito de Humacao.

No. 5. Resuelto en Junio 9, 1905.

Perjurio.—Comete el delito de perjurio toda persona que habiendo jurado testificar, declarar, deponer, ó certificar la verdad, ante cualquier Tribunal ó funcionario competente, en cualquiera de los casos en que la ley permite tomar tal juramento, declare ser cierto cualquier hecho esencial, conociendo su falsedad.

ACUSACIÓN.—EXCEPCIONES.—Las excepciones contra la acusación, que no hubieren sido alegadas oportunamente ante la Corte inferior, no pueden ser discutidas en el Tribunal de Apelación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Acuña* y *Méndez.*

Abogado del Pueblo: *Sr. Rossy,* Fiscal.

EL JUEZ ASOCIADO SR. HERNÁNDEZ emitió la opinión del Tribunal.

El presente es un recurso de apelación interpuesto por Antonio López contra sentencia de la Corte de Distrito de Humacao, que le condena en causa por perjurio á la pena de un año de prisión, con trabajos forzados, en la Penitenciaria de San Juan y al pago de las costas.

El Fiscal de dicha Corte con fecha 20 de Agosto del año ppdo. presentó acusación que firmó y juró contra Antonio López, la cual está concebida en los términos siguientes:

"En nombre y por la autoridad del Pueblo de Puerto Rico. El Pueblo de Puerto Rico contra Antonio López.—En la Corte de Distrito de Humacao á veinte de Agosto de 1904.—El Fiscal formula acusación contra Antonio López, por el delito de perjurio, (Felony), cometido como sigue: Allá por el día 26 de Julio de este corriente año, en la ciudad de Humacao, Capital del Distrito de Humacao, ante la Corte de Distrito del mismo nombre, siendo Juez de ella el Hon. James A. Erwin, y celebrándose el juicio oral de la causa seguida por el Pueblo de Puerto Rico vs. Manuel Estrada por el delito de asesinato en segundo grado, compareció como testigo del Pueblo de Puerto Rico el acusado Antonio López, que fué debidamente juramentado ante dicho Juez y Corte por el Secretario Don Jesus L. Pereyó quien tenía capacidad legal para tomar juramento, á fin de que dijera la verdad, toda la verdad y nada más que la verdad en su declaración: Que habiéndose suscitado la cuestión con respecto á si vió á Estrada irse sobre su víctima ó á éste sobre Estrada así como también se vió alguna arma á alguno de ellos, que el acusado Antonio López entonces allí entre otras cosas declaró á sabiendas, falsa, voluntaria y maliciosamente que no le vió armas á nadie ni que ninguno sacara un cuchillo, siendo así que en verdad vió al referido Estrada sacar un cuchillo é irse sobre su víctima y tirarle con dicha arma, por lo que el mencionado acusado Antonio López á

sabiendas, falsa, voluntaria y maliciosamente cometió el delito de perjurio. Este hecho es contrario á la Ley y á la paz y dignidad del Pueblo de Puerto Rico.''

Con tal acusación por base se procedió á la celebración del juicio ante el Jurado, por haberlo solicitado así el reo; y después de oídas las pruebas y las alegaciones orales hechas por las partes, el Jurado previamente instruido por el Juez dictó veredicto de culpabilidad, habiendo sido condenado Antonio López en los términos ya expresados.

Contra la sentencia pronunciada interpuso López recurso de apelación y su abogado ante esta Corte Suprema ha alegado como fundamentos de dichos recursos los siguientes:

1.—La infracción del artículo 117 del Código Penal, por cuanto no existe entre la declaración prestada por Antonio López ante el Juzgado de Paz de la ciudad y la que rindió en el juicio la contradicción esencial que exige el artículo citado para que se cometa en el delito de perjurio.

2.—Infracción del artículo 243 en relación con el 245 del Código de Enjuiciamiento Criminal, puesto que al declarar el acusado como testigo en el juicio donde se cometió el perjurio, el Fiscal no le hizo presente que en otra ocasión había hecho manifestaciones distintas, ni le puso de manifiesto la declaración que había prestado un año antes en el Juzgado de Paz de Caguas al instruirse la causa contra Manuel Estrada por el delito de asesinato en segundo grado.

3.—Infracción de la sección 16 de la Ley Orgánica para proveer temporalmente de Rentas y un Gobierno Civil á la Isla de Puerto Rico y para otros fines, pues la acusación no se ha formulado en nombre de los ''Estados Unidos de América viz. el Presidente de los Estados Unidos.''

No existe la infracción alegada del artículo 117 del Código Penal, pues según aparece del record, Antonio López

declaró bajo juramento ante el Juzgado de Paz de Caguas "que Estrada pedía con insistencia que se le despachase á él y esto dió lugar á que Caraballo en tono de broma le llamara imprudente, continuando ambos en una discusión en el mismo sentido, hasta que súbitamente sacó el primero un cuchillo yéndose encima del último y tirándole con él y entonces Acosta y Caraballo le quitaron el arma con que ya había herido al último produciéndole una hemorragia tan intensa que falleció á los pocos minutos." Entre esa declaración y la que prestó Antonio López, bajo juramento también, al celebrarse contra Manuel Estrada el juicio por el delito de asesinato en segundo grado, existen contradicciones sobre hechos esenciales, como lo revela el exámen comparativo de ambas declaraciones; y siendo una verdad, es claro que López al faltar á ella, no obstante el juramento prestado, cometió el delito de perjurio que define y pena el art. citado.

Por lo que atañe á los artículos 243 y 245 del Código de Enjuiciamiento Criminal que también se suponen infringidos, son aplicables al caso en que se trata de impugnar la veracidad de un testigo; pero el cumplimiento de aquellos no es un requisito necesario para la prueba del delito de perjurio, cuya prueba consiste en la demostración por medios legales de que el acusado, habiendo jurado testificar, declarar, deponer ó certificar la verdad ante cualquier Tribunal, funcionario ó persona competente, en cualquiera de los casos en que la Ley permite tomar tal juramento, declaró ser cierto cualquiera hecho esencial, conociendo su falsedad, pues esos y no otros son los elementos integrantes del delito de perjurio, según el artículo 217 del Código Penal.

En cuanto á la infracción de la sección 16 de la Ley Orgánica para proveer temporalmente de Rentas y un Gobierno Civil á la Isla de Puerto Rico y para otros fines, tal infracción no fué alegada oportunamente como reparo á

la acusación, y por tanto no entramos á discutirla y resolverla.

Por las razones expuestas procede sea confirmada la sentencia apelada, con las costas del recurso también á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente·Quiñones y Asociados, Figueras, MacLeary y Wolf.